LUCY H. SHELDEN *versus* MOSES CALL.

A defendant cannot be defaulted on the ground that his specifications of defence are defective, if the plaintiff's declaration is also defective.

In such cases the Court will treat a motion by the plaintiff to have the defendant defaulted, as an informal demurrer, and decide against the party who committed the first error.

ON EXCEPTIONS.

DOWER UNDE NIHIL HABET, the declaration being same as in *Freeman* v. *Freeman*, 39 Maine, 426.

The remaining facts are sufficiently stated in the opinion.

*J. Ruggles*, in support of the exceptions.

*A. P. Gould*, for the plaintiff.

WALTON, J. — The exceptions state that, on the plaintiff's motion, the defendant was defaulted, because in the opinion of the presiding Judge his specifications of defence were insufficient. We think such a disposition of the case clearly wrong. It is familiar law that when a case is to be decided upon the sufficiency of the pleadings, the Court will examine the whole record, and decide against the party who has committed the first error. In this case the plaintiff committed the first error. His declaration is fatally defective. If he had demurred to the defendant's specifications, as he had a legal right to do, judgment must have inevitably been rendered against him. *Calais* v. *Bradford*, 51 Maine, 414; R. S., c. 82, § 18. And we think the plaintiff ought not to be allowed to escape this result by attacking the defendant's specifications in the form of a motion instead of a demurrer. A party who seeks to drive his adversary out of Court for defective pleading, should take care at his peril that his own pleading is correct. It is a maxim in pleading, that a defective plea is a good enough answer for a defective declaration. No reason can be given for requiring greater accuracy of the defendant than the plaintiff, and there is no more reason for

defaulting a defendant, who has filed defective specifications, than there is for nonsuiting a plaintiff who comes into Court with a defective declaration.

It is said that it was matter of discretion with the presiding Judge, whether to take off the default or not, and that to the exercise of such a discretion exceptions do not lie. This is undoubtedly true. But, in this case, the Judge ordered the default, and it is this order, and not his refusal to take the default off, that constitutes the gist of the defendant's complaint. *Frothingham* v. *Dutton*, 2 Greenl., 255.

*Exceptions sustained.*

APPLETON, C. J., CUTTING, BARROWS and DANFORTH, JJ., concurred.